UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PERCY HAWTHORNE #348602                           CIVIL ACTION

VERSUS                                            NO: 04-3235

N. BURL CAIN                                      SECTION: "R"(1)

### ORDER AND REASONS

Before the Court is petitioner Percy Hawthorne's motion for reconsideration of the Court's May 13, 2005 order dismissing his petition for a writ of *habeas corpus* with prejudice.  For the following reasons, the Court DENIES petitioner's motion for reconsideration.

**I.   BACKGROUND**

On February 25, 1997, petitioner Percy Hawthorne was convicted of armed robbery and attempted armed robbery.  On May 5, 1999, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction, but remanded the case for resentencing. On remand, the trial court re-sentenced petitioner to one hundred ninety-eight years imprisonment for the armed robbery and to forty-nine and one-half years imprisonment for the attempted

armed robbery.  Hawthorne appealed, and on November 8, 2000, the court of appeal affirmed his sentence.  Hawthorne did not appeal to the Louisiana Supreme Court.

On May 14, 2003, Hawthorne filed a "Motion in Arrest of Judgment."  The trial court denied the motion on July 11, 2003.  He appealed to the court of appeal and the Louisiana Supreme Court, both of which denied his petitions.  On November 12, 2004, Hawthorne filed a petition for a writ of *habeas corpus* in this Court on the grounds that (1) he was convicted in violation of the Double Jeopardy Clause, and (2) Louisiana's multiple offender statute is unconstitutional.

The United States Magistrate Judge recommended that petitioner's claims be dismissed as untimely.  The magistrate judge found that petitioner's conviction became final for purposes of triggering the one-year statute of limitations under 28 U.S.C. § 2244(d) on December 8, 2000, and that the limitations period expired long before petitioner filed his federal *habeas* petition in November 2004.  The magistrate judge also found that the limitations period was not tolled under 28 U.S.C. § 2244(d)(2) or the doctrine of equitable tolling.  Petitioner objected to the magistrate judge's report and recommendation, and on May 13, 2005, the Court rejected petitioner's objections and dismissed his claims with prejudice.  Petitioner then filed both

a motion for a certificate of appealability and a motion for reconsideration. On June 3, 2005, the Court denied petitioner's motion for a certificate of appealability, but it did not rule on petitioner's motion for reconsideration.

By order dated March 14, 2006, the Fifth Circuit remanded the case to this Court for a ruling on petitioner's motion for reconsideration under Federal Rule of Civil Procedure 59(e).

**II. DISCUSSION**

A district court has considerable discretion to grant or to deny a motion under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. To succeed on a Rule 59(e) motion, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res.*

*USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

Petitioner argues that the limitations period on his claims should be tolled under 28 U.S.C. § 2244(d)(2) for the time that his Motion in Arrest of Judgment, filed in May 2003, was pending in the state courts.  This argument is meritless.  The one-year statute of limitations on petitioner's federal claims started running on December 8, 2000, when the time for seeking direct review of his conviction and sentence in the Louisiana Supreme Court expired.  The statute of limitations on petitioner's claims ran uninterruptedly until it expired in December 2001, approximately one and one-half years before petitioner filed his motion in arrest with the state courts.[1]  Section 2244(d)(2) therefore has no application in this case.

Petitioner also argues that the limitations period should be equitably tolled because his appointed appellate counsel abandoned his direct appeal after it was denied by the court of appeal in November 2000.  The one-year statute of limitations under section 2244 can be equitably tolled in certain

---

[1] Moreover, the Louisiana Supreme Court ultimately denied petitioner's motion as untimely.  *See State* ex rel. *Hawthorne v. State*, 885 So. 2d 1130 (La. 2004).  Accordingly, the pendency of that motion would not toll the limitations period under section 2244(d)(2) in any event.  *See Pace v. DeGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005).

"exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998); *see also Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'") (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner has not shown any compelling circumstances that would warrant equitable tolling in this case. That petitioner's appointed appellate counsel ceased to pursue his appeal beyond the intermediate state appellate court is not grounds for equitable tolling, since petitioner had no right to counsel beyond the initial appellate level. *See Ross v. Moffitt*, 417 U.S. 600, 614 (1974); *Clark v. Johnson*, 227 F.3d 273, 283 (5th Cir. 2000) ("[T]he Supreme Court has not extended the right of counsel to discretionary review."); *State v. Thomas*, 750 So. 2d 1114, 1127 (La. Ct. App. 1999) (defendant has "a right to court appointed counsel on a first direct appeal as of right"); *see also* La. Code Crim. Proc. Ann. art 912.1(B)(1) (providing right of appeal to court of appeal in criminal cases). Moreover, petitioner has wholly failed to explain why counsel's failure to pursue petitioner's appeal to the Louisiana Supreme Court should excuse the three-year delay between the court of appeal's decision upholding his sentence and the filing of his

5

federal *habeas* petition.  *See Pace*, 125 S. Ct. at 1814 ("[A] litigant seeking equitable tolling bears the burden of establishing . . . that he has been pursuing his rights diligently . . . .").  Accordingly, petitioner's claims are not saved by principles of equitable tolling.

Finally, petitioner's claim that the limitations period of section 2244(d)(1) cannot apply because of the nature of petitioner's claims is meritless.  As the Court stated in its order dismissing petitioner's claims, except in the case of newly recognized constitutional rights, section 2244(d)(1) does not provide for exceptions based upon the nature of claims asserted.

Accordingly, petitioner has failed to establish that reconsideration is appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES petitioner's motion for reconsideration under Federal Rule of Civil Procedure 59(e).

New Orleans, Louisiana, this 29th day of March, 2006.

                              _____
                                     SARAH S. VANCE
                              UNITED STATES DISTRICT JUDGE